**Beatrice P. FUNDERBURG, Appellant,**

v.

**Marvin L. PULLIN, Appellee.**

No. 4053.

Court of Civil Appeals of Texas.

Waco.

Nov. 8, 1962.

Sanchez & Idar, McAllen, for appellant.

Bridges & Oxford, Mission, for appellee.

McDONALD, Chief Justice.

This is a garnishment case. Plaintiff, Beatrice Funderburg, on 28 August 1961, filed this proceeding against the office of Federal Employees Group Life Insurance, alleging such office held moneys due to Marvin Pullin; that Marvin Pullin was indebted to her; and prayed for judgment of garnishment. Thereafter, Bridges and Oxford filed plea of intervention alleging that Federal Employees Group Life Insurance held $2500. payable to Marvin Pullin as beneficiary on an insurance policy of Lloyd Pullin, deceased; that Lloyd Pullin died on 25 July 1961; that . Marvin

Pullin assigned to intervenors all interest in such $2500. on 31 July 1961; and prayed for judgment for the $2500.

The Insurance Company tendered the $2500. into court.

Trial was before the Court without a jury, which, after hearing, rendered judgment for intervenors Bridges and Oxford for $2250., and $250. for attorneys for the Insurance Company for its answer in garnishment.

On plaintiff's request, the Trial Court filed Findings of Fact and Conclusions of Law, pertinent of which are summarized as follows:

## FINDINGS OF FACT

1) In 1954, plaintiff Funderburg obtained judgment against Marvin Pullin for a sum in excess of $2500., which judgment has never been satisfied.

2) On 27 July 1961 Lloyd Pullin died, at which time he had a life insurance policy for $2500. with garnishee company, with Marvin Pullin as beneficiary.

3) On 31 July 1961 Marvin Pullin executed an assignment of his interest in such insurance policy to Bridges and Oxford (intervenors).

4) Bridges and Oxford drew the assignment.

5) No notice of such assignment was given to plaintiff Funderburg.

6) Marvin Pullin was indebted to Bridges and Oxford for sums in excess of $3000. on 31 July 1961.

7) Marvin Pullin agreed to assign his interest in the policy to Bridges and Oxford as payment on his indebtedness to them.

8) Bridges and Oxford credited Pullin's account on 31 July 1961 for $2500.

9) Bridges and Oxford paid a valid consideration in the form of cancellation of a debt for the assignment.

10) Pullin retained no power or control over the funds after execution of the assignment on 31 July 1961.

11) The assignment was not furnished to garnishee prior to service of the Writ of Garnishment.

12) Bridges and Oxford notified garnishee of the assignment by letter dated 14 October 1961.

13) Pullin sought by telegram to collect the money from garnishee on 20 September 1961 and on 22 September 1961.

14) In such telegrams Pullin made no reference to the assignment to Bridges and Oxford.

15) Bridges' and Oxford's letter of 14 October, 1961 directed that the funds be paid by a check to Marvin Pullin and Bridges and Oxford.

16) No vagueness or ambiguity exists in the assignment by Pullin to Bridges and Oxford dated 31 July, 1961.

17) Plaintiff Funderburg caused Writ of Garnishment to be served on garnishee on 28 October 1961.

18) Such writ was in all things regular.

19) 20) 21) Garnishee admitted its liability for $2500. subject to the rights of Bridges and Oxford, and deposited the $2500. into court.

22) $250. is a proper fee for garnishee's attorney.

23) Plaintiff and Intervenor stipulated that the issues to be determined on trial were: 1) whether Pullin had assigned the funds prior to garnishment; 2) Whether the assignment was sufficient in law to defeat the writ; 3) The assessment of costs.

## CONCLUSIONS OF LAW

1) The garnishment proceedings are regular and the court has jurisdiction of all parties.

 2) Plaintiff Funderburg had burden of proving that the assignment from Pullin to Bridges and Oxford was invalid.

3) Plaintiff Funderburg failed to meet such burden.

 4) There was good consideration for the assignment by Pullin to Bridges and Oxford.

5) Pullin retained no power or control over the funds after execution of the assignment on 31 July 1961.

6) 7) Intervenors Bridges and Oxford are entitled to the $2500. less $250. for attorneys' fees for the garnishee.

8) All other costs should be assessed against plaintiff Funderburg.

Plaintiff Funderburg appeals, contending:

1) The Trial Court erred in finding that Pullin did not retain any powers or control over the fund after execution of the assignment to Bridges and Oxford.

2) The Trial Court erred in holding that the burden of proof was on Garnishor to prove that the assignment by Pullin to Bridges and Oxford was invalid and that Garnishor failed to meet said burden.

3) The Trial Court erred in holding that no ambiguity or vagueness existed in the assignment by Pullin to Bridges and Oxford.

4) The Trial Court erred in admitting such assignment into evidence.

On 31 July 1961, Pullin executed and acknowledged an assignment of "all my interest in a certain insurance policy and the proceeds thereof, on the life of my brother, Lloyd Pullin * * *". Such assignment recites a consideration of his indebtedness of "several thousand dollars." Such assignment is clear, unambiguous, unequivocal and admissible in evidence. The record is without dispute that Pullin retained no power or control over the fund after executing such assignment. Pullin testified he sent the 2 telegrams to the garnishee on 20 and 22 September, in an attempt to assist Bridges and Oxford to collect the money. Bridges and Oxford corroborated such testimony. We think the assignment valid, binding and sufficient to defeat the writ.

The record is ample to sustain the Findings and Conclusions of the Trial Court. Plaintiff's contentions are overruled.

 Intervenors urge cross points that the Trial Court erred in allowing $250. attorneys' fees out of the fund to garnishee's attorneys and contend that such should be adjudged as costs against the garnishor. Such cross points are overruled.

The judgment of the Trial Court is affirmed.